IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------

| | |
|---|---|
| JANE DOE, proceeding under a pseudonym, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| DONALD J. TRUMP and | ) JURY TRIAL DEMANDED |
| JEFFREY E. EPSTEIN, | ) |
| | ) |
| Defendants. | ) |

--------------------------------------------------------------

**COMPLAINT FOR RAPE, SEXUAL MISCONDUCT, CRIMINAL SEXUAL ACTS,
SEXUAL ABUSE, FORCIBLE TOUCHING, ASSAULT, BATTERY, INTENTIONAL
AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS, DURESS, FALSE
IMPRISONMENT, AND DEFAMATION**

_____

Plaintiff Jane Doe, proceeding under a pseudonym, brings this action against Donald J.

Trump and Jeffrey E. Epstein, and alleges that:

**PARTIES**

1.      Plaintiff is an individual residing in and a citizen of the State of California.

2.      Upon information and belief, Defendants Donald J. Trump and Jeffrey E. Epstein

each reside in this District and are citizens of the State of New York.

**JURISDICTION AND VENUE**

3.      Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction

under 28 U.S.C. § 1332.

4.      Defendants are citizens of the State of New York for purposes of diversity

jurisdiction under 28 U.S.C. § 1332.

5.      This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.      Defendants are each subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391 as both defendants are residents of and/or are domiciled in this district and the events giving rise to the claims occurred in this district.

## RAPE, SEXUAL MISCONDUCT, CRIMINAL SEXUAL ACTS, SEXUAL ABUSE, FORCIBLE TOUCHING, ASSAULT, BATTERY, INTENTIONAL AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS, DURESS, AND FALSE IMPRISONMENT

7.      Plaintiff was subject to acts of rape, sexual misconduct, criminal sexual acts, sexual abuse, forcible touching, assault, battery, intentional and reckless infliction of emotional distress, duress, false imprisonment, and threats of death and/or serious bodily injury by the Defendants that took place at several parties during the summer months of 1994.  The parties were held by Defendant Epstein at a New York City residence that was being used by Defendant Epstein at 9 E. 71st St. in Manhattan.  During this period, Plaintiff was a minor of age 13 and was legally incapable under New York law of consenting to sexual intercourse and the other sexual contacts detailed herein. NY Penal L § 130.05(3)(a).  The rapes in the first, second, and third degrees; sexual misconduct; criminal sexual acts in the first, second, and third degrees; sexual abuse in the first, second, and third degrees; and forcible touching (and, on information

and belief, predatory sexual assault) detailed herein are unlawful under New York law, e.g., NY

Penal L § 130.20-130.52, and 130.55-130.65 (and, on information and belief, 130.95) and

constitute the torts of, *inter alia*, assault, battery, false imprisonment, and intentional or reckless

infliction of emotional distress, including threats of force and serious bodily harm, under New

York law.  In addition, 18 U.S. Code § 2255 provides Plaintiff with a civil remedy for personal

injuries because Plaintiff, while a minor, was a victim of violations of 18 U.S.C. §§ 1591, 2421,

2422(b), and 2423(a) and she suffered personal injury as a result of such violations.  Declaration

of Plaintiff Jane Doe, Exhibit A hereto; Declaration of Tiffany Doe, Exhibit B hereto;

Declaration of Joan Doe, Exhibit C hereto; Jane Doe, Tiffany Doe, and Joan Doe are each

pseudonyms as each woman wishes anonymity.  Tiffany Doe, a witness, was an employee of

Defendant Epstein.  Exh. B.  Joan Doe, a witness, was a childhood classmate of Plaintiff who, in

the 1994-95 school year, was told by Plaintiff that Plaintiff was subject to sexual contact by the

Defendants at parties in New York City during the summer of 1994.  Exh. C.

      8.      Courts have discretion to allow proceeding anonymously where the need for

privacy outweighs the public's interest in knowing their identity and any prejudice to the

defendants. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  This

litigation involves matters that are highly sensitive and of a personal nature, and identification of

Plaintiff would pose a risk of retaliatory physical harm to her and to others. Exh. A.  All of the

ten factors that the Second Circuit articulated as relevant to this analysis favor anonymity,

especially factors 1-4, 7, and 10 (e.g., factors one and two: "whether the litigation involves

matters that are 'highly sensitive and [of a] personal nature,'" and "'whether identification poses

a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or

even more critically, to innocent non-parties'".), or are neutral with respect to anonymity. Protecting Plaintiff's anonymity is also appropriate as she is a rape victim.

9.      Plaintiff was enticed by promises of money and a modeling career to attend a series of parties, with other similarly situated minor females, held at a New York City residence that was being used by Defendant Jeffrey Epstein.  At least four of the parties were attended by Defendant Trump.  Exhs. A and B.  On information and belief, by this time in 1994, Defendant Trump had known Defendant Epstein for seven years (*New York,* 10/28/02, "'I've known Jeff for fifteen years. Terrific guy,'' Trump booms from a speakerphone. 'He's a lot of fun to be with. It is even said that he likes beautiful women as much as I do, and many of them are on the younger side. No doubt about it -- Jeffrey enjoys his social life.'"), and knew that Plaintiff was then just 13 years old.  Exhs. A and B.

10.     Defendant Trump initiated sexual contact with Plaintiff at four different parties. On the fourth and final sexual encounter with Defendant Trump, Defendant Trump tied Plaintiff to a bed, exposed himself to Plaintiff, and then proceeded to forcibly rape Plaintiff.  During the course of this savage sexual attack, Plaintiff loudly pleaded with Defendant Trump to stop but with no effect.  Defendant Trump responded to Plaintiff's pleas by violently striking Plaintiff in the face with his open hand and screaming that he would do whatever he wanted.  Exhs. A and B.

11.     Immediately following this rape, Defendant Trump threatened Plaintiff that, were she ever to reveal any of the details of the sexual and physical abuse of her by Defendant Trump, Plaintiff and her family would be physically harmed if not killed.  Exhs. A and B.

12.     Defendant Epstein had sexual contact with Plaintiff at two of the parties.  The second sexual encounter with Defendant Epstein took place after Plaintiff had been raped by

Defendant Trump.  Defendant Epstein forced himself upon Plaintiff and proceeded to rape her anally and vaginally despite her loud pleas to stop.  Defendant Epstein then attempted to strike Plaintiff about the head with his closed fists while he angrily screamed at Plaintiff that he, Defendant Epstein, rather than Defendant Trump, should have been the one who took Plaintiff's virginity, before Plaintiff finally managed to break away from Defendant Epstein.  Exhs. A and B.

13.     The threats of violence against Plaintiff and her family continued, this time from Defendant Epstein, who again reiterated that Plaintiff was not to reveal any of the details of his sexual and physical abuse of her or else, specifically, Plaintiff and her family would be seriously physically harmed, if not killed.  Exhs. A and B.

14.     While still under threats of physical harm by coming forward and having no reason to believe that the threats have ever been lifted or would ever be lifted, Plaintiff, who has suffered from stress, emotional distress, mental pain and suffering, among other problems, ever since the assaults, was subjected to daily painful reminders of the horrific acts of one of the perpetrators, Defendant Trump, via mass media coverage of him starting on or about June 16, 2015 that, over a short period of time, became continuous and unavoidable.  Exh. A.

15.     As a direct and proximate result of the sexual assaults and rapes perpetrated by Defendants upon her, Plaintiff has suffered stress, emotional distress, and mental pain and suffering, as well as adverse physical consequences.

16.     As a direct and proximate result of the sexual assaults and rapes perpetrated by Defendants upon her, Plaintiff has suffered physical pain and suffering.

17.        As a direct and proximate result of the sexual assaults and rapes perpetrated by Defendants upon her, Plaintiff has been subjected to public scorn, hatred, and ridicule and has suffered threats against her life and physical safety.

18.        As a direct and proximate result of the sexual assaults and rapes perpetrated by Defendants upon her, Plaintiff has incurred special damages, including medical and legal expenses.

19.        The sexual assaults and rapes perpetrated by Defendants upon Plaintiff were intentional acts.

20.        The conduct of Defendants demonstrates willful, reckless and intentional conduct that raises a conscious indifference to consequences.

21.        At the appropriate time in this litigation, Plaintiff shall amend her complaint to assert a claim for punitive damages against Defendants in order to punish Defendants for their actions and to deter Defendants from repeating their conduct.

## TOLLING OF STATUTE OF LIMITATIONS

22.        Any statute of limitations applicable to rape, sexual misconduct, criminal sexual acts, sexual abuse, forcible touching, assault, battery, intentional and reckless infliction of emotional distress, false imprisonment of a minor, if any, is tolled owing to the continuous and active duress imposed upon Plaintiff by Defendants that effectively robbed Plaintiff of her free will to commence legal action until the present time.  *Cullen v. Margiotta*, 811 F.2d 698, 722 (2nd Cir.1987); *Ross v. United States*, 574 F. Supp. 536, 542 (S.D.N.Y. 1983).  More particularly, Plaintiff was unrelentingly threatened by each Defendant that, were she ever to reveal any of the details of the sexual and physical abuse caused to her by Defendants, Plaintiff

and her family would be physically harmed if not killed.  The duress has not terminated and the

fear has not subsided.  The duress is an element of or inherent in the underlying causes of action

complained of herein. The duress and coercion exerted by Defendants has been such as to have

actually deprived Plaintiff of her freedom of will to institute suit earlier in time, and it rose to

such a level that a person of reasonable firmness in Plaintiff's situation would have been unable

to resist.  Exhs. A and B.

23.      Both Defendants let Plaintiff know that each was a very wealthy, powerful man

and indicated that they had the power, ability and means to carry out their threats.  Indeed,

Defendant Trump stated that Plaintiff shouldn't ever say anything if she didn't want to disappear

like Maria, a 12-year-old female that was forced to be involved in the third incident with

Defendant Trump and that Plaintiff had not seen since that third incident, and that he was

capable of having her whole family killed.  Exhs. A and B.

24.      The duress had prevented Plaintiff from starting litigation before this year.

However, as soon as she surfaced, she received threats.  More specifically, shortly after her first

complaint was filed in California on April 26, 2016, she started receiving threatening phone calls

on her cell phone.  Exh. A.

25.      Defendants are equitably estopped from arguing that any statute of limitations has

not been tolled as Defendants wrongfully forced Plaintiff to refrain from timely commencing this

action by threats, duress, and other misconduct.  Exhs. A and B. *Zimmerman v. Poly Prep*

*Country Day School*, ___ F.Supp.2d ___ (2012), 2012 WL 3683393; *General Stencils, Inc. v.*

*Chippa*, 18 N.Y.2d 125, 127 (1966)("a wrongdoer should not be able to take refuge behind the

shield of his own wrongdoing.").

26.     Moreover, this action has been brought before the facts giving rise to the estoppel have ceased to be operational (i.e., while still under threats of physical harm by coming forward and having no reason to believe that the threats have ever been lifted or would ever be lifted) and since Plaintiff has decided to seek redress at this time, Plaintiff seeks an order of protection in favor of Plaintiff and all associated with her so as to protect them from harm and harassment from Defendants and their agents and associates.  Exh. A.

## DEFAMATION

27.     On information and belief, on or about April 28, 2016, Defendant Trump provided the following statement to American Media, Inc. and/or Radar Online LLC for publication on at least their website RadarOnline.com regarding Plaintiff's complaint ED CV 16-797-DMG (KSx) filed in the United States District Court for the Central District of California: "The allegations are not only categorically false, but disgusting at the highest level and clearly framed to solicit media attention or, perhaps, are simply politically motivated. There is absolutely no merit to these allegations. Period."  The statement provided for publication by Defendant Trump was published by said website and has been republished elsewhere in whole or in part numerous times (and similar statements of an attorney for Defendant Trump were also published, including on September 22, 2016 by Courthouse News Service).  The statements provided for publication by Defendant Trump and his agent and that were published by said websites are false as they pertain to Plaintiff.

28.     The published statements are libelous on their face, and clearly expose Plaintiff to hatred, contempt, ridicule and obloquy.

29.     As a proximate result of the above-described publications, Plaintiff has suffered loss of her reputation, shame, mortification, and injury to her feelings, all to her damage in an amount to be established by proof at trial.

30.     The above-described publications were not privileged because they were published by Defendant Trump and his agent with malice, hatred and ill will toward Plaintiff and the desire to injure her.

31.     As a direct and proximate result of Defendant Trump's defamation of Plaintiff, Plaintiff has been subjected to public scorn, hatred, and ridicule and has suffered other injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and for the following relief:

A.     That judgment be entered against Defendants for special damages, compensatory damages, and punitive damages in an amount which shall be shown to be reasonable and just by the evidence and in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs;

B.     That all costs of this action be assessed against Defendants, including all reasonable attorney's fees, costs and expenses of this action;

C.     That an order of protection in favor of Plaintiff and all associated with her be issued so as to protect them from harm and harassment from Defendants and their agents and associates; and

D.     Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.


Dated:  September 30, 2016                    Respectfully submitted,


                                              /s/  *Thomas Francis Meagher*
*Of Counsel*:                                 Thomas Francis Meagher
J. Cheney Mason                               SDNY Bar Code TM6707
Law Office of J. Cheney Mason, P.A.           One Palmer Square
250 Park Avenue South, Suite 200              Princeton, New Jersey 08542
Winter Park, Florida 32789                    Telephone: (609) 558-1500
                                              tmeagher@thomasfmeagheresq.com